**UNITED STATES of America, Plaintiff,**

v.

**Jon Cary MAIER, Defendant.**

**No. 3–81 Cr. 83.**

United States District Court,
D. Minnesota,
Third Division.

Jan. 8, 1982.

Daniel W. Schermer, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Marc G. Kurzman, Minneapolis, Minn., for defendant.

## MEMORANDUM ORDER

ALSOP, District Judge.

This matter comes before the court upon defendant's motion for suppression of evidence. Magistrate Brian P. Short was designated by the court under 28 U.S.C. § 636(b) to conduct a hearing, receive evidence, and prepare proposed findings of fact and a recommendation regarding the disposition of the motion.

The action is now before the court upon the Magistrate's Report and Recommendation. Specifically, the Magistrate recommended that the court grant defendant's motion for an order suppressing the following items of physical evidence: seven bales of marijuana, two plastic bags of marijuana, numerous empty bags, road atlas, mortar and pestle, scale parts, and miscellaneous keys. The government has filed objections to the Magistrate's recommendation.

This court accepts the Magistrate's findings of fact, except as to finding No. 19. Finding No. 19 reads as follows:

The officers then opened the locked rear door of the camper and opened the sealed opaque bags, finding a quantity of vegetable matter they believed to be unburned marijuana. However, the officers could not describe the smell or articulate why the smell they noticed was marijuana.

Magistrate's Report and Recommendation at 3. Based upon its *de novo* review pursuant to 28 U.S.C. § 636(b)(1), the court finds that the officers did not open the sealed opaque garbage bags, but simply squeezed one of the bags found in the camper portion of the vehicle. Thus, Finding of Fact No. 19 is modified to read:

The officers then opened the locked rear door of the camper, squeezed one of the sealed opaque garbage bags found therein, and smelled what they believed to be unburned marijuana. However, the officers could not describe the smell or articulate why the smell they noticed was marijuana.

Based upon its independent determination of all issues of law arising from the Magistrate's report, the court accepts the Magistrate's recommendation to suppress the above-mentioned items of physical evidence. The initial intrusion into the enclosed camper of the pickup was an illegal inventory search under the decision of *United States v. Wilson*, 636 F.2d 1161 (8th Cir.1980). In *Wilson*, the Eighth Circuit Court of Appeals held that "the routine search of a locked automobile trunk is unreasonable under the fourth amendment." 636 F.2d at 1165. This court, finding no facts in the present case to adequately distinguish it from *Wilson*, is therefore bound by the law of this circuit as set forth in *Wilson*.

It is the opinion of this court that *South Dakota v. Opperman*, 428 U.S. 364, 376, 96 S.Ct. 3092, 3100, 49 L.Ed.2d 1000 (1976), would permit an inventory search of a locked motor vehicle trunk and would also establish the reasonableness of a search such as the one occurring in this case. *Accord United States v. Martin*, 566 F.2d 1143 (9th Cir.1977), *United States v. Edwards*,

577 F.2d 883 (5th Cir.) (dictum). Such is not the view of the Court of Appeals of this circuit.

Accordingly,

IT IS ORDERED That the motion of defendant to suppress the physical evidence obtained as a result of search and seizure is granted, and such evidence is suppressed.